**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50496 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00059-SVW-1 |
| v. | |
| LUIS ALBERTO TORRES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted April 13, 2018
Pasadena, California

Before: SCHROEDER, CLIFTON, and M. SMITH, Circuit Judges.

Defendant-Appellant Luis Torres appeals his conviction and sentence

following a conditional guilty plea. We affirm.

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court found that Torres voluntarily consented to the search of his phone. This finding is reviewed for clear error. *See United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009). When he consented to the search of his phone, Torres had not been arrested, the officers had not drawn their guns, and Torres had not been told that a search warrant could be obtained. The district court did not clearly err in its finding.

Torres argues that even if he voluntarily consented to the search of his phone, that consent was tainted by an unlawful detention. Even if we assume that Torres was seized for Fourth Amendment purposes when the officers took him to the security room, his seizure was not unlawful because the officers had reasonable suspicion to justify the brief seizure on the ground that Torres had violated a California statute. The officers "observed through several cameras Mr. Torres walking around" and engaging in conduct that might have been in violation of the statute. Because the officers had reasonable suspicion, Torres's seizure was not unlawful and did not taint his consent.

We are not persuaded by Torres's contention that his seizure was actually an arrest requiring probable cause. In determining whether a seizure amounted to an arrest, we consider whether "a reasonable innocent person in these circumstances would . . . have felt free to leave after brief questioning," and "whether the officer

2

had sufficient basis to fear for his safety to warrant the intrusiveness of the action taken." *United States v. Edwards*, 761 F.3d 977, 981 (9th Cir. 2014) (alteration in original) (quoting *United States v. Delgadillo–Velasquez*, 856 F.2d 1292, 1295–96 (9th Cir. 1988), and *Washington v. Lambert*, 98 F.3d 1181, 1185 (9th Cir. 1996)).

The first factor here weighs against a determination that Torres was arrested when taken to the security office. The officers "asked Torres whether he would mind voluntarily accompanying them," indicating that Torres could refuse. The officers neither handcuffed Torres nor locked him inside the security office. Merely moving Torres from a public area to a private one did not itself transform the seizure into an arrest. *See Florida v. Royer*, 460 U.S. 491, 504-05 (1983). Though an officer held Torres's hands behind his back as he walked to the security office, this restraint was not very intrusive. More severe restraints failed to turn a stop into an arrest. *See Halvorsen v. Baird*, 146 F.3d 680, 684 (9th Cir. 1998).

Torres argues that the district court erred in concluding that it could not grant custody credit for a discharged state sentence to reduce Torres's federal sentence below the statutory minimum. We do not need to resolve that question because any error here was harmless. The district court below made clear that the sentence imposed was the term that it considered appropriate and that it would not

have imposed a shorter sentence based on the time served on the discharged state sentence.

Torres contends that eight of his supervised-release conditions differ from the district court's oral imposition of them. Most of the alleged discrepancies are merely clarifications that need not have been explicit in oral sentencing. These do not require remand or revision. There were three discrepancies of substance, however, which we will revise so that the written conditions are consistent with the sentencing judge's oral judgment.

We strike the following sentence from the third written condition: "The defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision." In its place, we add the following sentence: "The defendant shall refrain from any unlawful use of a controlled substance."

We add the following sentence to the end of the fifth written condition: "This restriction shall not apply to items used at the employer's site which are maintained and monitored by the employer."

We strike written condition six in its entirety, which reads: "6. All computers, computer-related devices, and their peripheral equipment, used by the

defendant shall be subject to search and seizure. This shall not apply to items used at the employment's site, which are maintained and monitored by the employer."

**AFFIRMED as MODIFIED.**